IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | Civil Action No. 16 – 270E |
| Petitioner, | ) | |
| | ) | |
| v. | ) | District Judge David S. Cercone |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MICHAEL OVERMYER, Warden, | ) | |
| JOHN E. WETZEL, Secretary, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | | |
| Respondents. | | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that the "Petition for Injunction Relief Pursuant to § 2241" (ECF No. 12) be summarily dismissed, and that a certificate of appealability be denied.

## II. REPORT

Eric X. Rambert, a state prisoner confined at SCI Forest, petitions the Court for his removal from the Restricted Release List ("RRL") and transfer to another state facility. Rambert seeks this relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Prisoners may only use "habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the . . . custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); *see also*

1

Bonadonna v. United States, 446 F. App'x 407, 409 (3d Cir. 2011). If a prisoner is challenging a condition of confinement or "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release . . . [,] habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). A civil rights action is the appropriate vehicle for such a claim. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Here, Rambert challenges his March 1, 2016 placement on the RRL for reasons including, *inter alia*, lack of due process and failure to provide a required psychological evaluation for long term restricted housing. He claims that he is being unlawfully restrained without meeting the criteria for RRL and that he has not been given any specific rationale for his placement on the list. He requests that this Court remove him from the RRL and transfer him to another facility.

With respect to his claims, Rambert does not seek an immediate or speedier release from his judgment of sentence. Instead, he seeks removal from what he deems was his illegal placement on the Restrict Release List, which is a challenge to the conditions of his confinement, not the execution of his sentence. He makes no allegation that his placement on the RRL is inconsistent with his sentencing judgment or that it would shorten his confinement. Thus, his claims are not cognizable under § 2241, and if he wants to proceed with his claims he must do so through a civil rights action.[1] See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (federal prisoner's claims that he was illegally referred to the Special Management Unit of the

---

[1] There is some precedent in the Third Circuit for allowing a federal prisoner to challenge the conditions of his confinement under the habeas corpus statutes. *See* Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2006). That precedent, however, applies only to federal prisoners. *See* Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

penitentiary as punishment for filing numerous lawsuits against the BOP were not properly brought under § 2241).

Finally, a certificate of appealability should be denied because jurists of reason would not find it debatable whether Rambert has stated a cognizable federal habeas claim. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of certificate of appealability where court does not address petition on the merits but on some procedural basis).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the "Petition for Injunction Relief Pursuant to § 2241" (ECF No. 12) be summarily dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 8, 2017

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Eric X. Rambert
AM9223
SCI Forest
P.O. Box 945
Marienville, PA 16239